Joseph J. Joyce, III
Jennifer Menichini
**JOYCE, CARMODY & MORAN, P.C.**
9 N. Main St., Suite 4
Pittston, PA 18640
Ph: (570)602-3560
Fax: (570)602-3561
Email: jjj@joycecarmody.com            *Attorneys for Plaintiff Joyce Outdoor*
           jm@joycecarmody.com            *Advertising Wallscapes, LLC*

| **UNITED STATES DISTRICT COURT** <br> **MIDDLE DISTRICT OF PENNSYLVANIA** | |
|---|---|
| **JOYCE OUTDOOR ADVERTISING WALLSCAPES, LLC,** <br><br> **Plaintiff,** <br> **v.** <br><br> **CITY OF SCRANTON and MAYOR PAIGE GEBHARDT COGNETTI, individually,** <br><br> **Defendants.** | **CIVIL ACTION - LAW** <br> **JURY TRIAL DEMANDED** <br><br><br><br><br><br><br> **No.** |

## COMPLAINT

Plaintiff Joyce Outdoor Advertising Wallscapes, LLC ("Plaintiff"), by and through its undersigned counsel, hereby files this complaint against Defendants City of Scranton (the "City") and Mayor Paige Gebhardt Cognetti, in her individual capacity ("Mayor Cognetti") (collectively, "Defendants"), and in support thereof avers as follows:

## JURISDICTION AND VENUE

1.     This action asserts claims for the violation of Plaintiff's constitutional rights guaranteed by the First, Fourth, Fifth and Fourteenth Amendments of the United States Constitution, through 42 U.S.C. §1983, and pendent state law claims.

2.      Plaintiff maintains this action to redress acts of the discriminatory, retaliatory and tortious misconduct of the Defendants.

3.      This Court has jurisdiction over this action pursuant to 28 U.S.C.A. §1331 for matters arising under the laws of the United States, and supplemental jurisdiction under 28 U.S.C.A. §1367 for pendent state claims.

4.      Venue is proper in this judicial district under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district and because Plaintiff is a domestic limited liability company maintaining a principal place of business in this judicial district, the events occurred in this judicial district, Defendant City of Scranton, is a municipal entity located in this judicial district, and the individual Defendant is an elected official of the City of Scranton.

## **PARTIES**

5.      The preceding paragraphs are incorporated by reference as though set forth fully herein.

6.      Plaintiff is a Pennsylvania limited liability company maintaining a principal place of business in Lackawanna County, Pennsylvania.

7.      The City is a Pennsylvania home rule municipality formed pursuant to the Pennsylvania Home Rule Charter and Optional Plans Law, maintaining a

principal place of business located at 200 North Washington Avenue, Scranton, Lackawanna County, Pennsylvania.

8. Mayor Cognetti is a competent adult individual who serves as the duly-elected mayor of the City of Scranton, and maintains a principal place of business at 200 North Washington Avenue, Scranton, Lackawanna County, Pennsylvania.

## FACTUAL ALLEGATIONS

9. The preceding paragraphs are incorporated by reference as though set forth fully herein.

10. On March 22, 2007, Thomas R. Hill, Jr. took title to the real estate identified as tax map No. 14519-010-020 situated at West Linden Street and 8th Avenue, City of Scranton, Lackawanna County, Pennsylvania (the "Property"), which Property was improved with a warehouse primarily consisting of concrete and steel building materials (the "Warehouse"). See Lackawanna County Recorder of Deeds Instrument #200711776 at pp. 1-6.

11. On April 18, 2019, Plaintiff entered into a lease agreement with Thomas R. Hill, Jr. to lease a portion of the exterior walls of the warehouse situated upon the Property for the purposes of displaying advertising signs at a rate of two thousand ($2,000.00) dollars per year for an initial term of twenty (20) years with automatic fifteen (15) year extensions thereafter.

12.     On April 18, 2019, Plaintiff recorded a memorandum of lease with the Lackawanna County Recorder of Deeds memorializing its lease agreement with Thomas R. Hill, Jr. to lease the exterior walls of the Warehouse situated upon the Property for the purpose of displaying advertising signs.  See Lackawanna County Recorder of Deeds Instrument #2021101459 at p. 2.

13.     On May 13, 2019, the City of Scranton Department of Licensing, Inspections and Permits issued a building permit to Plaintiff to erect two (2) ten (10') foot high by thirty (30') foot wide banner wall signs on the exterior of the building situated upon the Property (the "Billboards").  See City of Scranton Building Permit B-19050167.

14.     On May 14, 2019, the City of Scranton Department of Licensing, Inspections and Permits issued an off-premises advertising sign permit to Plaintiff for the two (2) Billboards.  See City of Scranton Sign Permit S-19050193.

15.     Plaintiff received approximately $50,000.00 *per annum* in ad revenue from advertisers to advertise on the Billboards.

16.     On August 9, 2021, Thomas R. Hill, Jr. passed away.

17.     The City has adopted as the Property Maintenance Code of the City of Scranton "The International Property Maintenance Code, 2015 Edition" "for regulating and governing the conditions and maintenance of all property, buildings

and structures" situated in the City.  See Code of the City of Scranton, Ch. 360, Art. 1, § 360-1.

18.     On November 9, 2021, the City of Scranton Department of Licensing, Inspections and Permits issued a demolition notice to decedent Thomas R. Hill, Jr. directing him to raze the Warehouse on the Property within twenty (20) days due to its purportedly "dilapidated and dangerous condition," notifying him that his failure to comply with the City's "order may result in the City securing the building and demolishing" it and further notifying Mr. Hill of his right to appeal the City's demolition order "by requesting a hearing before the [Scranton Housing] Board of Appeals" within twenty days (20) of his receipt of the November 9, 2021, demolition notice.  See Lackawanna County Recorder of Deeds Instrument #202208924 at p. 2.

19.     At no time did the City take any action to secure the Warehouse, to prevent anyone from gaining entry or to abate any actual or perceived hazard.

20.     On February 17, 2022, Donald J. Totino, PE of the Municipal Department of Barry Isett and Associates, Inc. conducted an engineering inspection of the Warehouse situated upon the Property on behalf of the City.  See March 14, 2023, City of Scranton Right-to-Know Law response providing a copy of Donald J. Totino, PE's March 14, 2022, letter to the City of Scranton Office of Economic and Community Development at pp. 1-3.

21.    On March 14, 2022 -- or three (3) months and five (5) days after the City issued its demolition order -- Donald J. Totino, PE of the Municipal Department of Barry Isett and Associates, Inc. issued a letter to the City memorializing his finding from his February 17, 2022, site inspection and advising the City that "the structure is not deemed an emergency for demolition." <u>See</u> March 14, 2023, City of Scranton Right-to-Know Law response providing a copy of Donald J. Totino, PE's March 14, 2022, letter to the City of Scranton Office of Economic and Community Development at pp. 1-3.

22.    Unlike the Warehouse upon the Property here, there existed structurally unsound structures within the City that were in dire need of demolition, which the City choose not to demolish, such as the former J.G. Plotkin & Son Shoe Company located at 301-303 Penn Avenue, City of Scranton, Lackawanna County, Pennsylvania, (the "Plotkin Building"), which was damaged by fire on December 19, 2020.

23.    Despite the dilapidated and dangerous condition of the Plotkin Building, it was not scheduled for demolition unlike the Warehouse in question which was "not deemed an emergency for demolition."

24.    On April 29, 2022, the City recorded its November 9, 2021, demolition notice issued to decedent Thomas R. Hill, Jr. with the Lackawanna County Recorder

of Deeds.  <u>See</u> Lackawanna County Recorder of Deeds Instrument #202208924 at

p. 1.

25.     The Warehouse did not at any time material hereto have any active

utility services, namely, gas or electric service.

26.     On October 6, 2022 -- or ten (10) months, three (3) weeks and six (6)

days after the City issued its demolition order -- the City issued an external electrical

permit to Plaintiff for illumination of the two (2) Billboards affixed to the exterior

of the Warehouse.  <u>See</u> City of Scranton Electrical Permit E-22-386.

27.     The fully constructed and illuminated Billboards affixed to the

Warehouse on the Property appeared as follows:



28.    Plaintiff, despite having a legal interest in the Property, was not issued a written demolition notice for the Property by the City, notifying it of the City's demolition order or advising it of the right to appeal the City's demolition order by requesting a hearing before the Scranton Housing Board of Appeals in violation of §§ 107.2, 110.2, 111.1 and 202 the provisions of the International Property Maintenance Code, 2015 Edition, as adopted by the City of Scranton, and Chapter 360, Article 1, § 360-2.1(A) of the Code of the City of Scranton.  See International Property Maintenance Code, 2015 Edition at §§ 107.2, 110.2, 111.1, 202.

29.     On August 23, 2022, principal for Plaintiff, Kevin Joyce, learned that the City was planning on demolishing the Warehouse on the Property through a newspaper article titled "Scranton plans to demolish former industrial building; other blighted structures" published in *The Times-Tribune*.  See https://www.thetimes-tribune.com/news/scranton-plans-to-demolish-former-industrial-building-other-blighted-structures/article_38fcfc97-2369-586f-b0a0-71f90986dffd.html.

30.     On October 28, 2022, Plaintiff contacted the City, notifying the City that it had a recorded leasehold interest in the Property, advising that it was not notified of the City's demolition order, and requesting that the demolition be stayed so that the situation could be resolved to preserve Plaintiff's property and economic interests in the Property.

31.     On October 28, 2022, in response to Plaintiff's inquiry of the same day, the City informed Plaintiff that following a review of its file on the Property the City has "concluded that any and all notices regarding the upcoming demolition have been properly served upon the person(s) responsible for the violation(s) that gave rise to the condemnation and subsequent demolition order" and that "[a]ny issues [Plaintiff] may have with the upcoming demolition of the subject property should be addressed toward the record property owner(s)."  See October 28, 2022, email from Solicitor for the City's Office of Economic and Community Development at p. 1.

32.     Despite being made aware of Plaintiff's recorded leasehold interest in the Property, the City refused to address the demolition issue with Plaintiff.

33.     The City maintains a policy, custom, habit and/or practice of not providing notice to individuals and/or business entities with leasehold interests regarding the issuance of demolition orders affecting their leasehold interests and of not affording them the ability to seek a hearing before the Scranton Housing Board of Appeals to challenge a demolition order affecting their leasehold interests.

34.     Such conduct demonstrates the City's failure to train its employees and agents concerning the Constitutionally protected property interests of leaseholders, which failure constitutes a deliberate indifference to the Constitutional rights of leaseholders as the risk of injury is a highly predictable consequence of the City's failure to train its employees and agents.

35.     On October 31, 2022, Plaintiff obtained an Order from the Lackawanna County Court of Common Pleas granting a special injunction temporarily enjoining the City, for five (5) days, from demolishing the Property and scheduling a hearing for November 4, 2022, to consider making the injunction permanent.  See Joyce Outdoor Advertising v. City of Scranton, No. 2022-cv-4463 (C.C.P. Lacka.); see also Pa.R.Civ.P. 1531(d).

36.     At the November 4, 2022, hearing the parties reached a temporary resolution wherein the City "agreed to postpone the demolition of the property until

the end of January 2023 in order to give [Plaintiff] time to come to an arrangement with the record owner" and Plaintiff agreed to board up and secure the Property to alleviate the safety concerns raised by the City.

37.     No later than November 8, 2022, Plaintiff had the Warehouse boarded up and secured to prevent anyone from gaining entry to the Warehouse as depicted below:



38.     On January 20, 2023, in a follow-up to Plaintiff's inquiry concerning the "end of January 2023" scheduled demolition, the City informed Plaintiff that "any further prolonging of the demolition may expose the City to unnecessary liability" and that it was proceeding to demolition.

39.     On January 23, 2023, Plaintiff submitted a Scranton Housing Board of Appeals application along with a $300.00 fee to the City of Scranton Department of Licensing, Inspections and Permits seeking a hearing before the Board to appeal the City's demolition order.

40.     Chapter 360, Article 1, § 360-2.1(A) of the Code of the City of Scranton entitles "[a]ny owner or agent, as defined in the international Property Maintenance Code, 2015 Edition, aggrieved by the action or decision of the code official or authorized deputy of a notice of order issued under this article or code shall have the right to an appeal such decision or order to the Housing Board of Appeals."  See Code of the City of Scranton, Ch. 360, Art. 1, § 360-2.1 (A).

41.     Section 202 of the International Property Maintenance Code, 2015 Edition, defines an "owner" as "[a]ny person, agent, operator, firm or corporation having legal or equitable intertest in the property."  See International Property Maintenance Code, 2015 Edition at § 202.

42.     Chapter 360, Article 1, § 360-2.1(D) of the Code of the City of Scranton provides "[f]ollowing the filing of an appeal but prior to hearing [before the Scranton Housing Board of Appeals], if the applicant should so request in writing, the Director of the Department of Licensing, Inspections and Permits, and/or his Deputy of another authorized representative, shall participate in negotiations to settle the matter

with the appellant within a reasonable amount of time not to exceed 30 days." <u>See</u> Code of the City of Scranton, Ch. 360, Art. 1, § 360-2.1 (D).

43.     On January 23, 2023, the City of Scranton Department of Licensing, Inspections and Permits refused to accept Plaintiff's Scranton Housing Board of Appeals application seeking a hearing before the Board to appeal the City's demolition order because Plaintiff purportedly did not have standing or a legal interest in the Property as a leaseholder.

44.     The City maintains a policy, custom, habit and/or practice of not allowing and/or not accepting applications from individuals and/or business entities with leasehold interests in a property subject to a demolition order affecting their legal interests be heard by the Scranton Housing Board of Appeals to challenge the demolition order affecting their leasehold interests.

45.     Such conduct demonstrates the City's failure to train its employees and agents concerning the Constitutionally protected property interests of leaseholders, which failure constitutes a deliberate indifference to the Constitutional rights of leaseholders as the risk of injury is a highly predictable consequence of the City's failure to train its employees and agents.

46.     On January 27, 2023, principal for Plaintiff, Kevin Joyce, contacted Mayor Cognetti and advised her that his biggest advertiser occupies the Billboards,

and that the loss of the Billboards will have a significant detrimental economic impact on his business.

47.    The Property was slated to be exposed to public auction at the Lackawanna County Tax Claim Bureau's May 5, 2023, judicial tax sale as the Property was previously exposed, but not sold at the Tax Claim Bureau's September 26, 2022, upset tax sale.

48.    On January 27, 2023, principal for Plaintiff, Kevin Joyce, contacted Mayor Cognetti and advised her that his further attempts to remedy the situation, after having boarded up and secured the Property, such as his plan to buy the Property at the May 5, 2023, judicial tax sale and rehabilitate it, were dismissed, and he was informed "it was an aesthetic problem."

49.    On January 27, 2023, principal for Plaintiff, Kevin Joyce, contacted Mayor Cognetti and informed her that the City of Scranton Department of Licensing, Inspections and Permits refused to accept Plaintiff's application seeking a hearing before the Scranton Housing Board of Appeals to appeal the City's demolition order because City personnel determined that Plaintiff did not have "standing" as a leaseholder.

50.    Mayor Cognetti acquiesced in the City's refusal to accept Plaintiff's application seeking a hearing before the Scranton Housing Board of Appeals to appeal the City's demolition order.

14

51.    On January 27, 2023, principal for Plaintiff, Kevin Joyce, contacted Mayor Cognetti and asked her for time to acquire the Property at the May 5, 2023, judicial tax sale to rehabilitate or redevelop the Property, to return it back to a tax producing status and preserve Plaintiff's leasehold, personal property and economic interests in the Property.

52.    The City did not demolish the Warehouse "at the end of January 2023" despite its claimed safety concerns.

53.    The City did not demolish the Warehouse in February of 2023 despite its claimed safety concerns.

54.    On March 7, 2023, Plaintiff requested that the City hold off on demolition of the Warehouse until the May 5, 2023, judicial tax sale and expressed to the City that losing the Billboards would be catastrophic to Plaintiff's business.

55.    On March 7, 2023, the City "indicated its desire to move forward with the demolition" because "[i]t currently ha[d] the funds to do so and ha[d] it on its demolition list" and advised Plaintiff that "[t]he sale of the property has no bearing on the demolition of the structure, nor any signs on the condemned structure itself." See March 7, 2023, email from Solicitor for the City's Office of Economic and Community Development at p. 3; see also International Property Maintenance Code, 2015 Edition at § 107.6 (permitting transfer of ownership where "grantee, transferee, mortgagee or lessee, acknowledge[es] the receipt of such compliance order or notice

of violation and fully accept[s] the responsibility without condition for making the corrections or repairs required by such compliance order or notice of violation").

56.     Contrarily, on August 23, 2022, the City represented, through an interview for a newspaper article titled "Scranton plans to demolish former industrial building; other blighted structures" published in *The Times-Tribune*, that "[a] pair of properties, 342 Harrison Ave. and Rear 541 Harrison Ave., were removed from the [demolition] list because they were acquired by new owners and will be rehabilitated."     See   https://www.thetimes-tribune.com/news/scranton-plans-to-demolish-former-industrial-building-other-blighted-structures/article_38fcfc97-2369-586f-b0a0-71f90986dffd.html.

57.     Contrarily, on May 12, 2024, the City represented, through an interview for a newspaper article titled "Scranton can legally demolish 'castle house;' official hope for sale" published in *The Times-Tribune*, that the City is holding off on the Court authorized demolition of 1021 Richmont Street, City of Scranton, Pennsylvania, 18509 because the property is listed for sale by a real estate agent and the City is "hopeful that the property will be sold soon through the current realtor and that it will be rehabbed and stay on the city's tax rolls rather than taken down." See   https://www.thetimes-tribune.com/news/scranton-can-legally-demolish-castle-house-officials-hope-for-sale/article_d08bcd3f-6502-54b9-bbfd-645229583ee7.html.

58.     On March 8, 2023, Plaintiff asked the City, though its Law Department, for an opportunity to meet with City representatives to plead its case.

59.     Despite being aware of Plaintiff's leasehold interest in the Property, its efforts to secure the Property, its intention to purchase the Property at the upcoming tax sale to rehabilitate it and return it to the tax rolls, and the City's refusal to afford Plaintiff a hearing before the Scranton Housing Board of Appeals, the City refused Plaintiff an opportunity to meet with City representatives to plead its case.

60.     On March 8, 2023, principal for Plaintiff, Kevin Joyce, again contacted Mayor Cognetti and informed her that demolition of the Warehouse to which the Billboards were affixed would cause significant economic damage to Plaintiff.

61.     On March 8, 2023, principal for Plaintiff, Kevin Joyce, contacted Mayor Cognetti and requested a meeting to discuss a resolution to the situation.

62.     On March 9, 2023, the Lackawanna County Sheriff's Office served the City of Scranton Department of Law with a copy of the February 27, 2023, rule to show cause issued by the Lackawanna County Court of Common Pleas setting a hearing on the Tax Claim Bureau's petition seeking to sell the property at its May 5, 2023, judicial tax sale.   See In Re: Sale of Real Estate by Lackawanna County Tax Claim Bureau, No. 2023-cv-652.

63.     On March 9, 2023, the Lackawanna County Sheriff's Office served the City of Scranton Department of Licensing, Inspections and Permits with a copy of

the February 27, 2023, rule to show cause issued by the Lackawanna County Court of Common Pleas setting a hearing on the Tax Claim Bureau's petition seeking to sell the property at its May 5, 2023, judicial tax sale.   See In Re: Sale of Real Estate by Lackawanna County Tax Claim Bureau, No. 2023-cv-652.

64.     Principal for Plaintiff, Kevin Joyce, registered to participate in the Lackawanna County Tax Claim Bureau's May 5, 2023, judicial sale auction for the purposes of purchasing the Property to rehabilitate or redevelop the Property to avoid demolition, return it to the tax rolls and preserve Plaintiff's leasehold, personal property and economic interests in the Property.

65.     On March 9, 2023, Mayor Cognetti unreasonably and without a rational basis insisted that the Warehouse, which had been boarded up and secured by Plaintiff, was not in the opinion of the City's engineer "deemed an emergency for demolition," and which Plaintiff wished to purchase and rehabilitate and/or redevelop and return to the tax rolls, "cannot remain standing."

66.     Mayor Cognetti refused to have a meeting with Plaintiff to discuss a resolution to the situation.

67.     Despite knowledge of Plaintiff's leasehold interest, its efforts to improve and secure the Property, Plaintiff's desire to purchase the Property at the next tax sale, which would keep it on the City's tax rolls, that it was "not deemed an emergency for demolition" and the City's refusal to afford Plaintiff a hearing before

18

the Scranton Housing Board of Appeals, Mayor Cognetti unreasonably refused to have a meeting with Plaintiff to discuss a resolution to the situation in retaliation for having initiated the litigation identified as <u>Joyce Outdoor Advertising v. City of Scranton</u>, No. 2022-cv-4463 (C.C.P. Lacka.).

68.     On March 10, 2023, principal for Plaintiff, Kevin Joyce, contacted Mayor Cognetti again, and based on his most recent meeting at the Property with a structural engineer, informed her that, as determined by the City's engineer the previous year, Plaintiff's engineer indicated that the Warehouse was not in danger of immediate collapse and that a new roof could save the building, and based on these new facts, Mr. Joyce requested to schedule a meeting with Mayor Cognetti to discuss a resolution to the situation without demolition of the Warehouse.

69.     On March 10, 2023, principal for Plaintiff, Kevin Joyce, contacted Mayor Cognetti, and informed her that Plaintiff's structural engineer indicated, alternatively, that the portion of the Warehouse upon which the Billboards were affixed could remain in place, independent and exclusive of the remainder of the warehouse structure, as a possible solution.

70.     Mayor Cognetti did not respond to Plaintiff's request for a meeting.

71.     On March 13, 2023, principal for Plaintiff, Kevin Joyce, contacted Mayor Cognetti and given the findings of Plaintiff's structural engineer, again

requested a meeting to discuss a resolution to the situation without demolition of the Warehouse.

72.    Mayor Cognetti did not respond to Plaintiff's request for a meeting.

73.    On March 14, 2023, Mayor Cognetti informed principal for Plaintiff, Kevin Joyce, that the demolition was moving forward.

74.    Despite knowledge of Plaintiff's leasehold interest, its efforts to improve and secure the Property, Plaintiff's desire to purchase the Property at the next tax sale, which would keep it on the City's tax rolls, that the Property was "not deemed an emergency for demolition" and the City's refusal to afford Plaintiff a hearing before the Scranton Housing Board of Appeals, Mayor Cognetti made the decision or acquiescence in the decision to demolish the Warehouse and Billboards affixed thereto to the severe harm and detriment to Plaintiff and its economic interests.

75.    Despite knowledge of Plaintiff's leasehold interest, its efforts to improve and secure the Property, Plaintiff's desire to purchase the Property at the next tax sale, which would keep it on the City's tax rolls, that the Property was "not deemed an emergency for demolition" and the City's refusal to afford Plaintiff a hearing before the Scranton Housing Board of Appeals, Mayor Cognetti refused to engage in discussions with Plaintiff to postpone the demolition of the Property to allow Plaintiff to purchase the Property at the next judicial tax sale.

76.     Sometime between March 26, 2023, and March 28, 2023, while principal for Plaintiff, Kevin Joyce was out of town, the City caused the Warehouse on the Property to be demolished.

77.     Despite reassurance from Mayor Cognetti, the City also caused Plaintiff's two (2) Billboards affixed to Warehouse upon the Property to be completely destroyed as depicted in the following photo:



78.     On May 5, 2023, the Property was sold at the Lackawanna County Tax Claim Bureau's 2023, judicial tax sale to Clear Brook Foundation, Inc., a 501(c)(3) organization, for $55,000.00.

79.     As a result of the City's refusal to engage in meaningful discussions to come to a resolution with Plaintiff regarding the Property, the real estate tax revenue generated through the improvement on the Property has been lost to all taxing districts including the City and the City has wasted taxpayer money in demolishing the Warehouse that could have been rehabilitated with private funds.

80.     Upon information and belief, the City has not filed a lien against the Property to attempt to recoup its costs from the demolition.

81.     Plaintiff's lost ad revenue, at the then current advertising rate, from demolition of the Billboards through expiration of the initial twenty (20) year term of the lease is approximately $800,000.00.  See Lackawanna County Recorder of Deeds Inst. #202101459 at p. 1.

82.     Plaintiff's lost ad revenue, at the then current rate, from expiration of the initial term through the expiration of the first fifteen (15) year extension is $750,000.00 and together with the lost ad revenue from the initial term, equals $1,550,000.00.  See Lackawanna County Recorder of Deeds Inst. #202101459 at p. 1.

83.     Plaintiff's lost ad revenue, at the then current rate, from expiration of the first extension through the expiration of the second fifteen (15) year extension is $750,000.00 and together with the lost ad revenue from the initial term and first extension, equals $2,300,000.00.  See Lackawanna County Recorder of Deeds Inst. #202101459 at p. 1.

## COUNT I

### *Joyce Outdoor Advertising Wallscapes, LLC v. City of Scranton and Mayor Paige Gebhardt Cognetti*
### Fourth Amendment Unreasonable Seizure
### 42 U.S.C. § 1983

84.     The preceding paragraphs are incorporated by reference as though set forth fully herein at length.

85.     At all times material hereto, Mayor Cognetti acted under color of state law.

86.     Mayor Cognetti is a policy maker for the City.

87.     Mayor Cognetti made the decision or acquiesced in the decision to demolish the Billboards affixed to the Warehouse and to destroy Plaintiff's leasehold interest in the Property and personal property.

88.     The City, through its policies and customs and/or through the acts of its inadequately trained employees and agents, destroyed or caused Plaintiff's leasehold interest and personal property to be destroyed.

89.    The demolition of Plaintiff's leasehold interest and personal property constitutes a seizure within the meaning of the Fourth Amendment.

90.    Defendants' conduct constitutes an intentional and unreasonable seizure of Plaintiff's leasehold interest and personal property.

91.    Defendants' seizure of Plaintiff's leasehold interest and personal property was thus in violation of the Fourth Amendment of the United States Constitution.

92.    Mayor Cognetti's conduct was recklessly indifferent to Plaintiff's constitutional rights and therefore warrants the imposition of punitive damages.

**WHEREFORE**, Plaintiff Joyce Outdoor Advertising Wallscapes, LLC, respectfully requests that this Honorable Court grant it damages and relief as set forth in the Prayer for Relief included with this complaint, and any other relief this Honorable Court deems necessary and appropriate.

## COUNT II

### *Joyce Outdoor Advertising Wallscapes, LLC v. City of Scranton and Mayor Paige Gebhardt Cognetti*
### Fifth Amendment Taking
### 42 U.S.C. § 1983

93.    The preceding paragraphs are incorporated by reference as though set forth fully herein.

94.    Mayor Cognetti is a policy maker for the City.

95.    Mayor Cognetti made the decision or acquiesced in the decision to take Plaintiff's leasehold interest and personal property without just compensation in violation of the Takings Clause of the Fifth Amendment.

96.    The City, through its policies and customs and/or through the acts of its inadequately trained employees and agents, took Plaintiff's leasehold interest and personal property without just compensation in violation of the Takings Clause of the Fifth Amendment.

97.    Defendants took Plaintiff's leasehold interest and personal property for public use and/or a public purpose.

98.    Defendants' demolition of Plaintiff's leasehold interest and personal property was not a valid exercise of Defendants' police power.

99.    Plaintiff was deprived of all beneficial use of Plaintiff's leasehold interest and personal property.

100.   Mayor Cognetti's conduct was recklessly indifferent to Plaintiff's constitutional rights and therefore warrants the imposition of punitive damages.

**WHEREFORE**, Plaintiff Joyce Outdoor Advertising Wallscapes, LLC, respectfully requests that this Honorable Court grant its damages and relief as set forth in the Prayer for Relief included with this complaint, and any other relief this Honorable Court deems necessary and appropriate.

## COUNT III

***Joyce Outdoor Advertising Wallscapes, LLC v. City of Scranton and
Mayor Paige Gebhardt Cognetti***
**Fourteenth Amendment Procedural Due Process
42 U.S.C. § 1983**

101.   The preceding paragraphs are incorporated by reference as thought set forth fully herein.

102.   Mayor Cognetti is a policy maker for the City.

103.   Mayor Cognetti made the decision or acquiesced in the decision to deprive Plaintiff of its leasehold interest and personal property without notice or an opportunity to be heard in violation of the Due Process Clause of the Fourteenth Amendment.

104.   The City, through its policies and customs and/or through the acts of its inadequately trained employees and agents, deprived Plaintiff of its leasehold interest and personal property without notice or an opportunity to be heard in violation of the Due Process Clause of the Fourteenth Amendment.

105.   Defendants did not provide Plaintiff with notice and refused Plaintiff's application to be heard before the Scranton Housing Board of Appeals to challenge the City's demolition order.

106.   Defendants' failure to provide Plaintiff with notice and afford it an opportunity to be heard before the Scranton Housing Board of Appeals to challenge the City's demolition order constitutes a deprivation of Plaintiff's rights under and a

violation of Chapter 360, Article 1, § 360-2.1(A) of the Code of the City of Scranton and §§ 107.2, 110.2, 111.1 and 202 of the International Property Maintenance Code, 2015 Edition, adopted by the City.  See Code of the City of Scranton, Ch. 360, Art. 1, § 360-2.1 (A); see also International Property Maintenance Code, 2015 Edition at §§ 107.2, 110.2, 111.1, 202.

107.    Defendants' conduct deprived Plaintiff of its protected property interests without due process of law in violation of the Due Process Clause of the Fourteenth Amendment.

108.    Mayor Cognetti's conduct was recklessly indifferent to Plaintiff's constitutional rights and therefore warrants the imposition of punitive damages.

**WHEREFORE**, Plaintiff Joyce Outdoor Advertising Wallscapes, LLC, respectfully requests that this Honorable Court grant its damages and relief as set forth in the Prayer for Relief included with this complaint, and any other relief this Honorable Court deems necessary and appropriate.

## COUNT IV

### *Joyce Outdoor Advertising Wallscapes, LLC v. City of Scranton and Mayor Paige Gebhardt Cognetti*
### Fourteenth Amendment Substantive Due Process
### 42 U.S.C. § 1983

109.    The preceding paragraphs are incorporated by reference as though set forth fully herein.

110.    Mayor Cognetti is a policy maker for the City.

28

111.   Mayor Cognetti made the decision or acquiesced in the decision to deprive Plaintiff of its leasehold interest in the Property, which interest is protected by the Substantive Due Process Clause of the Fourteenth Amendment.

112.   The City, through its policies and customs and/or through the acts of its inadequately trained employees and agents, deprived Plaintiff of its leasehold interest in violation of the Substantive Due Process Clause of the Fourteenth Amendment.

113.   Defendants' conduct as described above in depriving Plaintiff of its leasehold interest shocks the conscience.

114.   Mayor Cognetti's conduct was recklessly indifferent to Plaintiff's constitutional rights and therefore warrants the imposition of punitive damages.

**WHEREFORE**, Plaintiff Joyce Outdoor Advertising Wallscapes, LLC, respectfully requests that this Honorable Court grant its damages and relief as set forth in the Prayer for Relief included with this complaint, and any other relief this Honorable Court deems necessary and appropriate.

## <u>COUNT V</u>

*Joyce Outdoor Advertising Wallscapes, LLC v. City of Scranton and Mayor Paige Gebhardt Cognetti*
**First Amendment Retaliation – Petition Clause**
**42 U.S.C. § 1983**

115.   The preceding paragraphs are incorporated by reference as though set forth fully herein.

116.   Mayor Cognetti is a policy maker for the City.

117.   Plaintiff's initiation and litigation of the state court proceeding identified as <u>Joyce Outdoor Advertising v. City of Scranton</u>, No. 2022-cv-4463 (C.C.P. Lacka.) constitutes protected activity under the Petition Clause of the First Amendment.

118.   Mayor Cognetti was aware of Plaintiff's initiation and litigation of the state court proceeding in <u>Joyce Outdoor Advertising v. City of Scranton</u>, No. 2022-cv-4463 (C.C.P. Lacka.).

119.   Due to Plaintiff's initiation and litigation of the state court proceeding in <u>Joyce Outdoor Advertising v. City of Scranton</u>, No. 2022-cv-4463 (C.C.P. Lacka.), Mayor Cognetti refused to meet with Plaintiff to discuss or entertain the solutions presented by Plaintiff to resolve the demolition issue, which would deter a person of ordinary firmness from engaging in protected petitioning activity.

120.   Due to Plaintiff's initiation and litigation of the state court proceeding in <u>Joyce Outdoor Advertising v. City of Scranton</u>, No. 2022-cv-4463 (C.C.P. Lacka.) Mayor Cognetti refused to afford an opportunity for Plaintiff to acquire and rehabilitate the Property to resolve the demolition issue.

121.   Plaintiff's protected petitioning activity was a substantive factor in Mayor Cognetti's retaliatory conduct.

122. Mayor Cognetti's conduct was recklessly indifferent to Plaintiff's constitutional rights and therefore warrants the imposition of punitive damages.

**WHEREFORE**, Plaintiff Joyce Outdoor Advertising Wallscapes, LLC, respectfully requests that this Honorable Court grant its damages and relief as set forth in the Prayer for Relief included with this complaint, and any other relief this Honorable Court deems necessary and appropriate.

## <u>COUNT VI</u>

### *Joyce Outdoor Advertising Wallscapes, LLC v. City of Scranton and Mayor Paige Gebhardt Cognetti*
### **Fourteenth Amendment - Equal Protection Clause - Class-Of-One**
### **42 U.S.C. § 1983**

123. The preceding paragraphs are incorporated by reference as though set forth fully herein.

124. Mayor Cognetti is a policy maker for the City.

125. Plaintiff was treated differently from others similarly situated.

126. Mayor Cognetti refused to permit Plaintiff an opportunity to acquire and rehabilitate the Property to resolve the demolition issue which opportunity was afforded to others, i.e., "[a] pair of properties, 342 Harrison Ave. and Rear 541 Harrison Ave., were removed from the [demolition] list because they were acquired by new owners and will be rehabilitated." <u>See</u> <u>https://www.thetimes-tribune.com/news/scranton-plans-to-demolish-former-industrial-building-other-blighted-structures/article_38fcfc97-2369-586f-b0a0-71f90986dffd.html</u>.

127.    Mayor Cognetti refused to permit Plaintiff an opportunity to acquire and rehabilitate the Property to resolve the demolition issue which opportunity was afforded to others, i.e., City is holding off on demolition of 1021 Richmont Street, City of Scranton, Pennsylvania 18509 because property is listed for sale by a real estate agent and the City is "hopeful that the property will be sold soon through the current realtor and that it will be rehabbed and stay on the city's tax rolls rather than taken down."    See https://www.thetimes-tribune.com/news/scranton-can-legally-demolish-castle-house-officials-hope-for-sale/article_d08bcd3f-6502-54b9-bbfd-645229583ee7.html.

128.    Mayor Cognetti's conduct was intentional.

129.    There is no rational basis for the difference in treatment.

130.    Mayor Cognetti's conduct was recklessly indifferent to Plaintiff's constitutional rights and therefore warrants the imposition of punitive damages.

**WHEREFORE**, Plaintiff Joyce Outdoor Advertising Wallscapes, LLC, respectfully requests that this Honorable Court grant its damages and relief as set forth in the Prayer for Relief included with this complaint, and any other relief this Honorable Court deems necessary and appropriate.

## COUNT VII

### *Joyce Outdoor Advertising Wallscapes, LLC v.*
### *Mayor Paige Gebhardt Cognetti*
### Tortious Interference With Contractual Relations

131.   The preceding paragraphs are incorporated by reference as though set forth fully herein.

132.   Plaintiff had a lease agreement with Thomas R. Hill, Jr. to lease a portion of the exterior walls of the Warehouse situated upon the Property for the purposes of displaying advertising signs for an initial term of twenty (20) years with automatic fifteen (15) year extensions thereafter.

133.   Mayor Cognetti was aware of the existence of Plaintiff's lease agreement with Thomas R. Hill, Jr.

134.   Mayor Cognetti interfered with Plaintiff's lease agreement.

135.   Plaintiff contracted to sell the advertising space on the Billboards.

136.   Mayor Cognetti was aware of the existence of Plaintiff's contract to sell the advertising space on the Billboards.

137.   Mayor Cognetti interfered with Plaintiff's current and prospective contracts to sell advertising space on the Billboards.

138.   Mayor Cognetti intended to cause harm to Plaintiff by interfering with Plaintiff's contractual relationships.

139.    Mayor Cognetti was not privileged or justified interfering with Plaintiff's contractual relationships.

140.    Plaintiff suffered actual damages as a result of Mayor Cognetti's conduct.

141.    Mayor Cognetti's conduct was recklessly indifferent to Plaintiff's rights and therefore warrants the imposition of punitive damages.

**WHEREFORE**, Plaintiff Joyce Outdoor Advertising Wallscapes, LLC, respectfully requests that this Honorable Court grant its damages and relief as set forth in the Prayer for Relief included with this complaint, and any other relief this Honorable Court deems necessary and appropriate.

## COUNT VIII

### *Joyce Outdoor Advertising Wallscapes, LLC v.*
### *Mayor Paige Gebhardt Cognetti*
### **Conversion**

142.    The preceding paragraphs are incorporated by reference as though set forth fully herein.

143.    Mayor Cognetti has deprived and/or otherwise interfered with Plaintiff's right, use and possession of the Billboards without Plaintiff's consent and without legal justification.

**WHEREFORE**, Plaintiff Joyce Outdoor Advertising Wallscapes, LLC, respectfully requests that this Honorable Court grant its damages and relief as set

forth in the Prayer for Relief included with this complaint, and any other relief this Honorable Court deems necessary and appropriate.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Joyce Outdoor Advertising Wallscapes, LLC, respectfully requests that this Honorable Court enter judgment in Plaintiff's favor and an Order as follows:

(a) An amount to be determined at trial, including, but not limited to general damages, special damages, consequential damages, lost profits, plus interest and delay damages against Defendants and punitive damages against Defendant Mayor Paige Gebhardt Cognetti;

(b) Plaintiff's Attorneys' fees pursuant to 42 U.S.C. § 1988;

(c) Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate against Defendants;

(d) Plaintiff is to be awarded the costs and expenses of this action and reasonable attorneys' fees as provided by applicable federal and state law against Defendants;

(e) The Court is to maintain jurisdiction of this action after verdict to ensure compliance with its Orders therein; and

(f) Plaintiff's claims against Defendants are to receive a trial by jury to the extent allowed by applicable law, and as requested by Plaintiff pursuant to Federal Rule of Civil Procedure 38(b).

## <u>JURY TRIAL DEMANDED</u>

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby requests and demands a jury trial.

Respectfully Submitted,

*/s/ Joseph J. Joyce, III*
Joseph J. Joyce, III (PA ID 200514)
Jennifer Menichini (PA ID 200917)
**Joyce, Carmody & Moran, P.C.**
9 N. Main St., Suite 4
Pittston, PA 18640
Ph: (570) 602-3560
Fax: (570) 602-3561
Email: jjj@joycecarmody.com
         jm@joycecarmody.com

DATED: May 13, 2024